No. 197
STATE ex. v. DUFFY et
No. 18896. Supreme Court.
In Mandamus. Dock. Jan. 5, 1925, 3 Abs. 18.
1283. WORKMEN'S COMPENSATION — Does employment on floating barges, in connection with building of jetties and piers, come within compensation law and jurisdiction of Industrial Commission?

The State ex rel Cleveland Engineering Construction brings suit in the Supreme Court praying for writ of mandamus to issue, ordering T. J. Duffy, J. D. Clark, and Rose Moriarty as the Industrial Commission of Ohio to accept certain premiums.

The facts leading up to this action are these: The Construction Co. operated and owns dredges, tugs, barges, floating pile drivers, etc., in the prosecution of its business, to-wit: Building breakwaters, docks, jetties, etc. It alleges that it has employed men in the number necessary to come within the provisions of the Workmen's Compensation Law. Company avers that it has offered compensation premiums to the Commission, covering its employees in the several classifications of employment.

The Company declares that the Commission refused to accept said premiums, depending solely upon the ground that the classified employments, while engaged in floating vessels in navigable waters, are maritime employments and do not come within the provisions of the Workmen's Compensation Law; consequently the Industrial Commission has no jurisdiction.

The company says its employees desire to accept compensation under the Workmen's Compensation Law of Ohio, in lieu of their rights under the maritime law, in case of injury or loss of life in the course of their employment.

Wherefore the Construction Co prays that writ of mandamus issue commanding Duffy, Clark and Moriarty to receive said premiums.

Attorneys—Geo. B. Marty, Cleveland, for Company; C. C. Crabbe and R. R. Zurmehly, Columbus, for Commission.